IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROYCE DEE KEEBLER                                                    PLAINTIFF

V.                              CASE NO.: 5:16-CV-05200

JUDGE PAUL BRIDGES;
PROSECUTING ATTORNEY
JAY SEXTON; PUBLIC
DEFENDER NATHAN SMITH;
PSYCHOLOGIST
DANA HARTSFEW                                                        DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed Plaintiff Royce Dee Keebler under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. He is incarcerated in the Benton County Detention Center (BCDC).

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff has been incarcerated on state criminal charges since October 24, 2015. He states he has a total of seven criminal charges filed against him including one that has been pending since November 2, 2014. He names as Defendants those associated with his criminal case, Judge Bridges, Prosecuting Attorney Jay Sexton, and Public Defender Nathan Smith, and the psychologist, Dana Hartsfew who performed a mental evaluation to determine if Plaintiff is capable of

assisting in his defense. With respect to Dana Hartsfew, Plaintiff alleges she has her own practice on the square in Fayetteville.

Plaintiff contends his constitutional rights have been violated in the following ways: (1) certain questions during his mental evaluation were designed to get him to incriminate himself; (2) although he has been appointed an attorney, Plaintiff alleges that Nathan Smith has been of no assistance at all; (3) he has been denied Due Process; (4) he has been denied a speedy trial; (5) he has been denied the right to appear in person at court instead of by video; (6) he has not been allowed to obtain "witnesses in [his] favor;" (7) he has not been given the opportunity to confront the witnesses against him; (8) his bond is excessive; (9) he has not been provided any information about his case; (10) he is being unlawfully detained; and (11) Judge Bridges has unlawfully entered not guilty pleas on Plaintiff's behalf thus acting as both the Judge and Plaintiff's attorney. As relief, the Plaintiff seeks compensatory damages.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Court bears in mind that when "evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's claims are subject to dismissal. First, Judge Paul Bridges is immune from

suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Second, Prosecuting Attorney Jay Sexton is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (finding that a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir.1996) (holding that county prosecutors were entitled to absolute immunity from suit).

Third, Public Defender Nathan Smith is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United

States. 42 U.S.C. § 1983; *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Nathan Smith does not act under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Finally, Dana Hartsfew, a psychologist, does not act under color of state law merely because she performed Plaintiff's mental evaluation. Private individuals, not employed by a detention center or a state agency, do not act under color of law unless they are so connected with the state that their conduct may be fairly attributed to the state itself. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983). In this case, Plaintiff has alleged only that Dana Hartsfew conducted his mental evaluation. There is no allegation that she was employed by Benton County or that she acted pursuant to a contract with Benton County. *See, e.g., West v. Atkins*, 487 U.S. 42 (1988) (physician acting pursuant to a contract with the state to provide medical services acted under color of state law); *Greffey v. State of Ala. Dept. of Corr.*, 996 F. Supp. 1368, 1379 (N.D. Ala. 1998) (psychologist employed by the State acts under color of law). In fact, Plaintiff indicates Dana Hartsfew was in private practice. *See, e.g., Black v. Delano Reg'l Med. Ctr.*, 2015 WL 4923224, *4 (E.D. Cal. Aug. 18, 2015) (finding defendants are not employees of the state and plaintiff "does not allege that there is any contractual, or otherwise 'deeply intertwined,' relationship between the hospitals and the prison. Therefore, Plaintiff has failed to allege that Defendants acted under color of state law.").

There is no allegation that Benton County had any control, or responsibility, for Dana Hartsfew's actions. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (no state action when determinations "ultimately turn on medical judgments made by private parties according to professional standards that are not established by the State"); *cf. Jensen v.*

-4-

*Lane Cnty.*, 222 F.3d 570, 575 (9th Cir. 2000) (relationship between county and private psychiatric group providing mental evaluations was so "deeply intertwined" that psychiatrist who signed commitment order acted under color of state law for § 1983 purposes). Here, there are no allegations suggesting any basis on which Dana Hartsfew can be held to be a state actor. Therefore, she did not act under color of law. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1466-67 (10th Cir. 1996) (private emergency room physician not acting under color of state law for purposes of § 1983 when he examined, detained, and certified plaintiff for transport under state commitment statute); *Dixon v. Baptist S. Med. Hosp.*, 2010 WL 431186, *7 (M.D. Ala. Feb. 1, 2010) ("The vast majority of federal courts agree that treatment by a non-contract private physician, nurse or hospital upon referral or on an emergency basis does not satisfy the requirements of state action").

### III. CONCLUSION

The Complaint as against Judge Paul Bridges, Prosecuting Attorney Jay Sexton, and Public Defender Nathan Smith fails to state cognizable claims under § 1983, is frivolous, or is against parties immune from suit. Therefore, these claims are **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (IFP action, or any part of it, may be dismissed at any time due to frivolousness, for failure to state a claim, or because the claims are against a party immune from suit). The Complaint as against Dana Hartsfew is **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED on this 17th day of August, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE